1  Reuben D. Nathan, Esq. (SBN 208436)
2  Email: *rnathan@nathanlawpractice.com*
   NATHAN & ASSOCIATES, APC
3  600 W. Broadway, Suite 700
4  San Diego, California 92101
   Tel:(619) 272-7014
5  Facsimile:(619) 330-1819
6
   Attorneys for Plaintiff, PAIGE HERNANDEZ and
7  the Proposed Class
8
                    **UNITED STATES DISTRICT COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10
11
12  PAIGE HERNANDEZ, an individual on          Case No.
    behalf of herself and all others similarly
13  situated,                                   **CLASS ACTION COMPLAINT**
14
15                  PLAINTIFF
16
17
18         v.
19                                              JURY TRIAL DEMANDED
20
21
22  JOHNSON & JOHNSON CONSUMER
    INC; and DOES 1 through 25, inclusive.
23
24
25                  DEFENDANT.
26
27
                    **CLASS ACTION COMPLAINT**
28

1

COMES NOW PLAINTIFF, PAIGE HERNANDEZ, WHO HEREBY ALLEGES THE FOLLOWING:

Plaintiff, PAIGE HERNANDEZ ("Plaintiff") brings this action on behalf of herself and all others similarly situated against DEFENDANT, JOHNSON & JOHNSON CONSUMER INC. ("DEFENDANT").

The allegations in this Complaint, other than those with respect to Plaintiff, PAIGE HERNANDEZ, are stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.      Plaintiff, Paige Hernandez ("Plaintiff") files this class action lawsuit on behalf of herself and all similarly situated persons who purchased products branded by JOHNSON & JOHNSON CONSUMER, INC., which is commonly known as "DEFENDANT".

2.      Plaintiff brings this action on behalf of herself and a California and Nationwide proposed class of purchasers of DEFENDANT for violations of California Consumer Legal Remedies Act, California False Advertising Law, breach of express warranty, unjust enrichment, fraud, negligent misrepresentation, and California Unfair Competition Law.  Plaintiff and class members purchased DEFENDANT'S Products relying on such advertising, labeling, and statements: "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen".

**CLASS ACTION COMPLAINT**

**PARTIES**

3.     Plaintiff, PAIGE HERNANDEZ ("Plaintiff "), is a citizen of California, who resides in the County of Orange County.

4.     Plaintiff altered her position in an amount equal to the amount she paid for DEFENDANT' Products (as defined below).

5.     JOHNSON & JOHNSON CONSUMER, INC. ("DEFENDANT") is an New Jersey Limited Liability Company with its principal place of business in 199 Grandview Road, Skillman, New Jersey. DEFENDANT'S Products are marketed and sold in retail stores throughout the United States under the brand name "Neutrogena". DEFENDANT' Products contain false and misleading claims that are the subject of the instant lawsuit. DEFENDANT is the owner, manufacturer, packager, and/or a distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products that claim it is natural or contains natural ingredients by making the statements, representations, warranties, such as "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen".

6.     That the true names and capacities, whether individual, corporate, associate or otherwise of each of the DEFENDANT designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said DEFENDANT by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon alleges that each of the DEFENDANT designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

**CLASS ACTION COMPLAINT**

7.     On information and belief, Plaintiff alleges that at all times herein mentioned, each of the DEFENDANT was acting as the agent, servant or employee of the other DEFENDANT and that during the times and places of the incident in question, DEFENDANT and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiff to sustain damages as set forth herein.  On information and belief, Plaintiff alleges that DEFENDANT carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

8.     On information and belief, Plaintiff alleges that the shareholders, executive officers, managers, and supervisors of the DEFENDANT directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. DEFENDANT's officers, directors, and high-level employees caused DEFENDANT'S Products to be sold with knowledge or reckless disregard that the statements and representations concerning DEFENDANT Products were false and misleading.

9.     Plaintiff is informed and believes, and thereon alleges, that each of said DEFENDANT is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from DEFENDANT.  This

4

**CLASS ACTION COMPLAINT**

Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.    Pursuant to 28 U.S.C. §1391(a), venue is proper.  Plaintiff is a citizen of Orange County, California.  This Court has personal jurisdiction over DEFENDANT because DEFENDANT conducts business in California and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court proper. DEFENDANT has marketed, promoted, distributed, and sold the products in California and in this District where Plaintiff purchased DEFENDANT'S Products.

## FACTUAL BACKGROUND

12.    Plaintiff, PAIGE HERNANDEZ ("Plaintiff") has purchased more than one of DEFENDANT'S Products (as defined below) in Orange County and San Bernardino County. Prior to making the purchases of one or more of DEFENDANT'S Products, Plaintiff saw and read the front of the product packaging and relied on the representations, statements, and warranties "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" to mean the Products did not contain synthetic or artificial ingredients.  Plaintiff purchased one or more of the DEFENDANT'S Products at a premium price and would not have made the purchase had she known the labeling was false, deceptive, and/or misleading. Plaintiff would purchase one or more of the DEFENDANT'S Products in the future once DEFENDANT conforms to its advertising, labeling, and/or marketing 'natural' related claims.

13.    DEFENDANT falsely promotes, advertises, and markets various skin care Products (as defined below) as all natural and/or made with all natural ingredients.  Based on DEFENDANT'S Products being labeled as "100% naturally sourced sunscreen

**CLASS ACTION COMPLAINT**

ingredients", "naturally sourced", or "100% naturally derived sunscreen", Plaintiff and class members paid a premium over comparable products. Instead, DEFENDANT'S Products that are labeled as "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" contain artificial and synthetic ingredients. One of the purportedly natural Products contains phenoxyethanol and/or dimethicone and/or ethylhexyglycerin and/or glycerin. In or about April 2016, the Federal Trade Commission ("FTC") filed complaints against cosmetics manufacturers for representing that their products were "natural" when they contained one or both of the two ingredients herein complained of. Four companies agreed to cease marketing the products in question as being "natural."[1]

14.    DEFENDANT manufactures, produces, and markets various skin care Products that are sold throughout the United States. DEFENDANT claims that the Products that are the subject of this action are DEFENDANT'S Neutrogena Sunscreen products.

//

//

---

[1] https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falselypromoting-their-personal-care

**CLASS ACTION COMPLAINT**

15.    The products ("Products") that are the subject of this lawsuit include:

**a) Sensitive Skin Sunscreen Lotion Broad Spectrum SPF 60+:**



**Inactive ingredients** alumina, arachidyl alcohol, arachidyl glucoside, ascorbic acid, beeswax, behenyl alcohol, benzyl alcohol, BHT, bisabolol, butylene glycol, butyloctyl salicylate, cetyl dimethicone, dimethicone, dimethicone PEG-8 laurate, dipotassium glycyrrhizate, disodium EDTA, ethylhexylglycerin, glyceryl stearate, hydroxyethyl acrylate/sodium acryloyldimethyl taurate copolymer, isohexadecane, methicone, methylisothiazolinone, pantothenic acid, PEG-100 stearate, PEG-8, polyaminopropyl biguanide, polyhydroxystearic acid, polymethyl methacrylate, polysorbate 60, retinyl palmitate, silica, stearic acid, styrene/acrylates copolymer, tocopheryl acetate, triethoxycaprylylsilane, trimethylsiloxysilicate, trisiloxane, water, xanthan gum

**CLASS ACTION COMPLAINT**

**b) Pure & Free® Baby Sunscreen Lotion Broad Spectrum SPF 60+:**



***Inactive ingredients*** alumina, arachidyl alcohol, arachidyl glucoside, ascorbic acid, avena sativa (oat) kernel extract, beeswax, behenyl alcohol, benzyl alcohol, BHT, bisabolol, butylene glycol, butyloctyl salicylate, cetyl dimethicone, dimethicone, dimethicone PEG-8 laurate, dipotassium glycyrrhizate, disodium EDTA, ethyl-hexylglycerin, glycerin, glyceryl stearate, hydroxyethyl acrylate/sodium acryloyl-dimethyl taurate copolymer, isohexadecane, methicone, methylisothiazolinone, pantothenic acid, PEG-100 stearate, PEG-8, polyaminopropyl biguanide, polyhydroxy-stearic acid, polymethyl methacrylate, polysorbate 60, potassium sorbate, retinyl palmitate, silica, stearic acid, styrene/acrylates copolymer, tocopheryl acetate, triethoxycaprylylsilane, trimethylsiloxysilicate, trisiloxane, water, xanthan gum

**CLASS ACTION COMPLAINT**

1

**c) Pure & Free®Baby Faces Ultra Gentle Cream Sunscreen Broad Spectrum SPF**

2

**45+:**

3

4

5

6

7

8

9

10

11

12

13

14

15

16



17

18

19

20

**Inactive ingredients** alumina, arachidyl alcohol, arachidyl glucoside, ascorbic acid, avena sativa (oat) kernel extract, beeswax, behenyl alcohol, benzyl alcohol, BHT, bisabolol, butylene glycol, butyloctyl salicylate, cetyl dimethicone, dimethicone, dimethicone PEG-8 laurate, dipotassium glycyrrhizate, disodium EDTA, ethyl-hexylglycerin, glycerin, glyceryl stearate, hydroxyethyl acrylate/sodium acryloyl-dimethyl taurate copolymer, isohexadecane, methicone, methylisothiazolinone, pantothenic acid, PEG-100 stearate, PEG-8, polyaminopropyl biguanide, polyhydroxy-stearic acid, polymethyl methacrylate, polysorbate 60, potassium sorbate, retinyl palmitate, silica, stearic acid, styrene/acrylates copolymer, tocopheryl acetate, triethoxycaprylylsilane, trimethylsiloxysilicate, trisiloxane, water, xanthan gum

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**d) Neutrogena Pure & Free Baby Sunscreen (Stick):**



**e) Neutrogena Pure & Free Liquid Sunscreen:**



**CLASS ACTION COMPLAINT**

**f) Sheer Zinc<sup>TM</sup> Sunscreen Lotion Broad Spectrum SPF 50:**





**g) Sheer Zinc<sup>TM</sup> Sunscreen Lotion Broad Spectrum SPF 30:**



11

**CLASS ACTION COMPLAINT**

**Inactive ingredients** Water,
C12-15 Alkyl Benzoate, Styrene/Acrylates
Copolymer, Dimethicone, Phenyl
Trimethicone, Cetyl PEG/PPG-10/1
Dimethicone, Polyhydroxystearic Acid,
Glycerin, Dipropylene Glycol Dibenzo-
ate, Cetyl Dimethicone, Silica, Chry-
santhemum Parthenium (Feverfew)
Flower/Leaf/Stem Juice, Glyceryl
Behenate, Phenethyl Alcohol, Caprylyl
Glycol, Acrylates/Dimethicone Copoly-
mer, PPG-15 Stearyl Ether Benzoate,
Sodium Chloride, Phenoxyethanol,
Chlorphenesin

**h) Sheer Zinc<sup>TM</sup> Face Sunscreen Lotion Broad Spectrum SPF 50:**



**CLASS ACTION COMPLAINT**

*Inactive ingredients* Water, C12-15 Alkyl Benzoate, Octyldodecyl Citrate Crosspolymer, Styrene/Acrylates Copolymer, Phenyl Trimethicone, Cetyl PEG/PPG-10/1 Dimethicone, Dimethicone, Polyhydroxystearic Acid, Glycerin, Ethyl Methicone, Cetyl Dimethicone, Silica, Colloidal Oatmeal, Tocopheryl Acetate, Chrysanthemum Parthenium (Feverfew) Flower/Leaf/Stem Juice, Glyceryl Behenate, Phenethyl Alcohol, Caprylyl Glycol, Cetyl Dimethicone/Bis-Vinyldimethicone Crosspolymer, Acrylates/Dimethicone Copolymer, Sodium Chloride, Phenoxyethanol, Chlorphenesin

**i) Neutrogena Naturals Brightening Daily Moisturizer Sunscreen:**



13

**CLASS ACTION COMPLAINT**

**Inactive ingredients** Water, Caprylic/Capric Triglyceride, Cocoglycerides, Glycerin, Cetearyl Olivate, Caprylyl Methicone, Polyglyceryl-3 Diisostearate, Sorbitan Olivate, Cetearyl Alcohol, Butyrospermum Parkii (Shea) Butter, Heptyl Undecylenate, Aluminum Starch Octenylsuccinate, Gluconolactone, Xanthan Gum, Caprylyl Glycol, Glyceryl Behenate, Aluminum Hydroxide, Stearic Acid, Phenylethyl Resorcinol, Benzyl Alcohol, Ethylhexylglycerin, Cetearyl Glucoside, Sodium Benzoate, Chlorphenesin, 1,2-Hexanediol, Triethoxycaprylylsilane, Fragrance, Citrus Limon (Lemon) Peel Extract, Tropolone, Mica, Titanium Dioxide, Iron Oxides

16.     DEFENDANT prominently displays "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen"  on the face of its Products and/or through its website.  DEFENDANT enhances its "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" related claims by its statement that is prominently displayed throughout all of its advertising "Neutrogena #1 Dermatologist Recommended", "pure", and "pure & free".

17.     The phrase "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" is a representation made by DEFENDANT in advertising the Products to consumers that reasonable consumers believe contain only natural ingredients.

18.     DEFENDANT knew that Plaintiff and consumers will pay more for a product labeled "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" and intended to deceive Plaintiff and putative class members by labeling the Products as purportedly natural products.  The phrases "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" are misleading to a reasonable consumer, because the Products actually contain artificial and synthetic ingredients – phenoxyethanol and/or dimethicone and/or ethylhexylglycerin and/or glycerin

**CLASS ACTION COMPLAINT**

19.     DEFENDANT'S Products contain artificial or synthetic ingredients.  Each of the DEFENDANT'S Products each contains phenoxyethanol and/or dimethicone and/or ethylhexyglycerin and/or glycerin

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

20.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting DEFENDANT'S Products as natural, which requires the disgorgement of all profits and/or restoration of monies wrongfully obtained through DEFENDANT'S unfair and deceptive business practices.  This private attorneys general action is necessary and appropriate because DEFENDANT have engaged in wrongful acts described herein as part of the regular practice of their businesses.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

22.     The following Classes that Plaintiff seeks to represent are:

a.     All persons residing in the United States who purchased the Products for personal use and not for resale during the time period April 14, 2013, through the present ("Class").

b. All persons residing in the State of California who purchased the Products for personal use and not for resale during the time period April 14, 2013, through the present ("Sub-Class").

## CLASS ACTION COMPLAINT

23.     The Class comprises many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because millions of units of the Products have been sold in the United States and State of California during the time period April 14, 2013, through the present (the "Class Period").

24.     There is a well-defined community of interest in this litigation and the class is easily ascertainable:

   a.  Numerosity:  The members of the class are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiff believes the Class and Sub-Class exceed thousands of members.

   b.  Typicality:  Plaintiff is qualified to and will fairly and adequately protects the interests of each member of the class with whom they have a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the class.

   c.  Adequacy:  Plaintiff does not have a conflict with the class and is qualified to, and will fairly and adequately protect the interests of each member of the class with whom they have a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

**CLASS ACTION COMPLAINT**

d. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

25.     There exist common questions of law and fact that predominate over questions that may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether DEFENDANT' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether DEFENDANT' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c. Whether DEFENDANT made false and misleading representations in their advertising and packaging of the Products;

d. Whether DEFENDANT knew or should have known that the representations were false;

e. Whether DEFENDANT represented that the Products has characteristics, benefits, uses, or quantities which the Product does not have;

f. Whether DEFENDANT representations regarding the Products are false;

g. Whether DEFENDANT warranted the Products;

h. Whether DEFENDANT breached the express warranties it made;

i. Whether DEFENDANT committed statutory and common law fraud by doing so; and

j. Whether DEFENDANT' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

**CLASS ACTION COMPLAINT**

26.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

27.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of DEFENDANT' false representations, statements, and advertising. Indeed, Plaintiff purchased the Product based on DEFENDANT'S representations and statements contained on its labeling. Plaintiff relied on DEFENDANT' packaging and/or website and would not have purchased the Product if she had known that the Product did not have the characteristics, ingredients, uses, benefits, or quantities as represented.

28.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

29.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by DEFENDANT' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

30.     DEFENDANT has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for DEFENDANT.

**CLASS ACTION COMPLAINT**

31.    Absent a class action, DEFENDANT will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and DEFENDANT will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

32.    Excluded from the class are DEFENDANT in this action, any entity in which DEFENDANT have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of DEFENDANT.

33.    Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

34.    This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

### FIRST CAUSE OF ACTION
Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.
By Plaintiff and Proposed California Class against DEFENDANT
(Injunctive Relief Only with Reservation)

35.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36.    Plaintiff and Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Product is a "good" as defined by Cal.Civ.Code § 1761(a).

37.    The California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "representing that goods or services have sponsorship,

19

**CLASS ACTION COMPLAINT**

approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. And, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised". DEFENDANT's claims that the Products are 'natural' by making the statements "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" which are misleading since it contains artificial or synthetic ingredients - phenoxyethanol and/or dimethicone and/or ethylhexyglycerin and/or glycerin and therefore violates Cal. Civ. Code § 1770(a)(5), (7), and (9).

38.    DEFENDANT'S ongoing deliberate manipulation of violates the following subsections of Cal. Civ. Code §1770(a) in these respects:

a.    DEFENDANT'S acts and practices constitute misrepresentations concerning characteristics, benefits or uses, which it does not have;

b.    DEFENDANT misrepresented that is of a particular standard, quality and/or grade, when they are of another;

c.    DEFENDANT'S acts and practices described herein constitute the advertisement of DEFENDANT'S Products without the intent to sell them as advertised;

d.    DEFENDANT's acts and practices constitute representations that DEFENDANT Products have been supplied in accordance with previous representations when it has not.

39.    Plaintiff and the proposed Sub-Class of California class members suffered injuries caused by DEFENDANT because they would not have purchased DEFENDANT

**CLASS ACTION COMPLAINT**

Products if the true facts were known concerning its false and misleading regarding its "natural" claims, statements and representations.

40.     On or about April 13, 2017, prior to filing this action, a notice letter was served on DEFENDANT.  Plaintiff served the letter on DEFENDANT advising DEFENDANT that it is in violation of the CLRA, demanding remedies for Plaintiff and class members pursuant to California Civil Code §1782(a).

41.     Plaintiff seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA pursuant to California Civil Code §1780(a)(3).

## SECOND CAUSE OF ACTION
Violation Of California Business & Professions Code §§17500, et seq.
Plaintiff and Proposed California Class against DEFENDANT

42.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Pursuant to California Business & Professions Code §§ 17500, et seq., it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

44.     DEFENDANT committed acts of false advertising, as defined by §17500, by making claims that the Products are "natural", which are misleading based on the fact it contains artificial or synthetic ingredients - phenoxyethanol and/or dimethicone and/or ethylhexyglycerin and/or glycerin

21

**CLASS ACTION COMPLAINT**

45.     DEFENDANT knew or should have known, through the exercise of reasonable care that DEFENDANT'S representations and statements that its Products are "natural" were/are false, untrue and misleading to Plaintiff and class members.

46.     DEFENDANT'S actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

47.     Plaintiff and the Proposed California Class lost money or property as a result of DEFENDANT'S false advertising violations, because Plaintiff and Proposed California Class would not have purchased DEFENDANT' Products if the true facts were known concerning its quality and contents.

48.     Plaintiff and Proposed California Class paid a premium for DEFENDANT Products due to their reliance on DEFENDANT'S good faith and reputation and upon DEFENDANT'S promises and representations.

### THIRD CAUSE OF ACTION
Breach of Express Warranty
By Plaintiff and Proposed Nationwide Class against DEFENDANT

49.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiff brings this claim individually and on behalf of the proposed Class against DEFENDANT.

51.     DEFENDANT, as the designer, manufacturer, marketer, distributor, and/or seller, made express statements or representations of fact or promise concerning the Products. These representations, promises were part of the basis of the bargain, wherein Plaintiff and other Class members purchased the DEFENDANT'S Products in reasonable reliance on those statements or representations.

**CLASS ACTION COMPLAINT**

52.     DEFENDANT'S Products is not fit for such purposes because each of the express warranties that the Products are 'natural', "100% naturally sourced sunscreen ingredients", "naturally sourced", or "100% naturally derived sunscreen" are false statements, representations, and warranties.

53.     DEFENDANT'S breach of express warranty is the direct and proximate cause of Plaintiff and Proposed Nationwide Class members that have been injured and harmed because they would not have purchased DEFENDANT Products on the same terms if the true facts were known concerning its 'natural' claims regarding the Products since it did not have the characteristics, ingredients, uses, benefits, or quantities as promised.

54.     As a proximate result of this breach of warranty by DEFENDANT, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
Violations of California Commercial Code § 2313
By Plaintiff and Proposed California Class against DEFENDANT

55.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56.     DEFENDANT made statements, representations, and affirmations of fact or promises, or descriptions of goods carrying health and wellness claims regarding the Products.  Plaintiff and other Class members reasonably relied on DEFENDANT'S statements and representations regarding the Product at the time of purchasing the Products. California Commercial Code § 2313(1).

57.     DEFENDANT breached its express warranties by selling products and goods that are not "natural" since the Products contain artificial or synthetic ingredients - phenoxyethanol and/or dimethicone and/or ethylhexyglycerin and/or glycerin

23

**CLASS ACTION COMPLAINT**

58.    DEFENDANT'S breached was the actual and proximate cause of the injury to Plaintiff and Class members in the form of money that was paid in exchange for the Products.

59.    Plaintiff seeks damages on behalf of herself and other Class members as a result of DEFENDANT'S breaches of express warranty.

## FIFTH CAUSE OF ACTION
Fraud
Plaintiff and Proposed Nationwide Class against DEFENDANT

60.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

61.    Plaintiff brings this claim individually and on behalf of the proposed Class against DEFENDANT.

62.    As discussed above, DEFENDANT provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about DEFENDANT'S Products.

63.    DEFENDANT misrepresented the 'natural' claims related to the Products.

64.    These misrepresentations and omissions were made with knowledge of their falsehood.

65.    The misrepresentations and/or omissions made by DEFENDANT, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase DEFENDANT'S Products.

66.    The fraudulent actions of DEFENDANT caused damage to Plaintiff and Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

24

**CLASS ACTION COMPLAINT**

**SIXTH CAUSE OF ACTION**
Negligent Misrepresentation
Plaintiff and Proposed Nationwide Class against DEFENDANT

67.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

68.    Plaintiff brings this claim individually and on behalf of the proposed Class against DEFENDANT.

69.    DEFENDANT misrepresented the nature of the Products. DEFENDANT had a duty to disclose this information.

70.    At the time DEFENDANT made these representations, DEFENDANT knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

71.    DEFENDANT negligently misrepresented and omitted material facts about the Products.  Plaintiff and the Class relied upon the negligent statements or omissions.

72.    The negligent misrepresentations and/or omissions made by DEFENDANT, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase DEFENDANT'S Products.

73.    Plaintiff and Class members would not have paid a premium or purchased DEFENDANT' Products if the true facts had been known.

74.    The negligent actions of DEFENDANT caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.


**SEVENTH CAUSE OF ACTION**
Violation California Business & Professions Code §§ 17200, et seq.

**CLASS ACTION COMPLAINT**

By Plaintiff and Proposed California Class against DEFENDANT

75.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

76.     Plaintiff brings this claim individually and on behalf of the proposed Sub-Class against DEFENDANT.

77.     DEFENDANT is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

78.     DEFENDANT has knowledge that its "natural" claims are false or misleading as a result the Products contain artificial or synthetic ingredients - phenoxyethanol and/or dimethicone and/or ethylhexyglycerin and/or glycerin

79.     In addition, DEFENDANT violated the same Acts as a result of violating False Advertising Law, California Business and Professions Code §§17500, et seq., The Consumers Legal Remedy Act Cal. Civ. Code §§1750, et seq., California Commercial Code §§2313 and 2314.

80.     DEFENDANT's misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the California Consumer's Legal Remedy Act, California's False Advertising Act, and express and implied warranty law, including, but not limited to the California Commercial Code in addition to other state and federal laws.

81.     DEFENDANT's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

**CLASS ACTION COMPLAINT**

DEFENDANT conduct constitutes an unfair violation because DEFENDANT conduct is unethical, unscrupulous, and injurious to consumers given the false and misleading labeling. The harm is substantial given significant given false claims and representation which caused harm to the Plaintiff and class members.

82.    DEFENDANT has specific knowledge that its 'natural' related claims such as "100% naturally sourced" or "naturally sourced" are false and misleading, but continued to market the DEFENDANT'S Products with the intent of making substantial profits.

83.    DEFENDANT'S conduct is also unfair given the huge profits derived from the sale of the DEFENDANT Products at the expense of consumers as a result of the false and misleading advertising claims.

84.    DEFENDANT violated the "fraudulent" prong of the UCL by making false statements, untruths, and misrepresentations about health and wellness claims relating to its Products, as described herein this complaint, which are likely to deceive reasonable consumers and the public.

85.    Plaintiff, the Class, and the Subclass lost money or property as a result of DEFENDANT's UCL violations because they would not have purchased DEFENDANT'S Products or paid the premium price, if the true facts were known concerning its false and misleading health and wellness claims.

86.    DEFENDANT'S business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for DEFENDANT'S wrongful conduct is outweighed by the adverse effects of such conduct.

87.    Plaintiff, the Class, and Sub-Class members could not reasonably avoid the harm caused by DEFENDANT'S wrongful practices. Assuming, arguendo, that

**CLASS ACTION COMPLAINT**

DEFENDANT`S practices are not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be-tethered to the public policies expressed therein. Thus, DEFENDANT engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

88.    Plaintiff, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against DEFENDANT, as follows:

a. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure

b. Plaintiff as the representative of the Class and Subclass and Plaintiff`s attorneys as Class Counsel to represent members of the Class and Subclass;

c. For an order declaring the DEFENDANT`S conduct violates the statutes and laws referenced herein;

d. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

e. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f. For prejudgment interest on all amounts awarded;

g. For an order of restitution and all other forms of equitable monetary relief;

h. For injunctive relief as pleaded or as the Court may deem proper; and

**CLASS ACTION COMPLAINT**

i.  For an order awarding Plaintiff, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: April 13, 2017                     **NATHAN & ASSOCIATES, APC**

By:     /s/ Reuben D. Nathan
        Reuben D. Nathan, Attorney for
        Plaintiff, PAIGE HERNANDEZ

**CLASS ACTION COMPLAINT**

DocuSign Envelope ID: 49AE6F10-3265-485D-84BB-893B734D7E3D

## CLRA VENUE DELCARATION PURSUANT TO CAL. CIV. CODE §1780(d)

I, Paige Hernandez, declare as follows in accordance with California Civil Code Section 1780(d):

1. I am the plaintiff in this action and I am a citizen of the state of California. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.
2. The complaint filed in this action is filed in the proper place for trial pursuant to California Civil Code Section 1780(d) because the Defendant, Johnson & Johnson Consumer, Inc. ("Defendant") conducts substantial business in this District.
3. I purchased Neutrogena products from stores located in Orange County and San Bernardino County, California. I relied on the Defendant's false and misleading advertising that the products were natural and contained no artificial or synthetic ingredients, which was a substantial factor influencing my decision to purchase the products.
4. If I were aware that the Defendant's products were not natural, I would not have purchased them.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct as executed on this April 4, 2017 in Ontario, California.

*Paige Hernandez*

Paige Hernandez